**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39065**

| | |
|---|---|
| CHRISTOPHER RAY SCHULTZ, | ) |
| | ) **2012 Opinion No. 60** |
| Petitioner-Appellant, | ) |
| | ) **Filed: November 21, 2012** |
| v. | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Order of district court granting summary dismissal of petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant. Diane M. Walker argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

SCHWARTZMAN, Judge Pro Tem

Christopher Ray Schultz appeals from the summary dismissal of his petition for post-conviction relief. We affirm.

## I.

## BACKGROUND

In December 2005, Schultz pleaded guilty to robbery and attempted rape with a sentence enhancement for use of a deadly weapon. Before sentencing, Shultz participated in a court-ordered psychosexual evaluation (PSE). This is his third appeal to this Court pertaining to his convictions. In the second of the two prior appeals, *State v. Schultz*, 150 Idaho 97, 98-99, 244 P.3d 241, 242-43 (Ct. App. 2010) (*Schultz II*), we set forth the factual and procedural background as follows:

> While at his estranged wife's residence in violation of a no-contact order, then seventeen-year-old Schultz told a friend of his plan to invade the home of a

woman who lived in the apartment below in order to rape and kill her. Armed with a knife and wearing a self-fashioned mask and gloves, he waited until the victim's husband left and then forced his way into the apartment. Once inside, he held the knife to the victim's throat and demanded money. He also demanded that she show him her breasts. The victim distracted Schultz by throwing her purse at him, fled the apartment, and called the police. Schultz also fled, taking the victim's purse with him. Schultz was arrested a short time later.

The state filed a petition under the Juvenile Corrections Act charging Schultz with four felonies: battery with the intent to commit a serious felony (rape), burglary, robbery, and attempted rape. Four sentence enhancements were alleged for using a deadly weapon in the commission of those crimes. Seeking to prosecute Schultz as an adult, along with the petition, the prosecution filed a motion to waive juvenile jurisdiction. At the waiver hearing proceeding before a magistrate judge, defense counsel stated:

> [I]n talking with Christopher [Schultz] and previously talking with [prosecutor] Mr. Schneider, Mr. Schneider agreed that upon waiver [to adult court] and if Christopher ultimately ends up entering a guilty plea to at least some of the charges, the State would make a recommendation to the district court judge of a sentence not to exceed--and certainly it could be less than this depending on negotiations, but not to exceed a five-year minimum and a 20 year top on the sentence.

> Certainly, without admitting any of the facts or the allegations in this matter, but after reviewing the report with Christopher, he is prepared to waive his rights as a juvenile and proceed into adult court. He realizes his situation is such that certainly it's very likely that he would be waived, and, therefore, he's willing to waive into the adult system, your Honor.

The deputy prosecutor did not respond to defense counsel's statement. After considering the factors enumerated in Idaho Code Section 20-508(8), in addition to Schultz's stipulation, the magistrate found that waiver of juvenile jurisdiction was warranted and entered an order to that effect. The matter then proceeded in accord with an adult criminal prosecution. Specifically, the prosecution filed a complaint in magistrate court, Schultz made an initial appearance before a magistrate, and a magistrate conducted a preliminary hearing. After Schultz was bound over to district court, he pleaded not guilty at the arraignment and a trial date was set. As per the practice of the respective offices, the prosecutor and the defense counsel that attended the juvenile proceeding no longer handled the case; instead, a different felony prosecutor and defense counsel were assigned.

On the day the jury trial was set to commence, a plea agreement was placed on the record before the district court. The agreement called for Schultz to enter a guilty plea to the robbery charge, an *Alford* guilty plea to the attempted rape charge, and to plead guilty to the deadly weapon enhancement attendant to the attempted rape charge, with the remaining charges to be dismissed. The agreement further provided that the prosecution would recommend twenty-year

2

fixed sentences, that it could recommend up to the maximum indeterminate sentences on both charges, and that the defense was free to recommend any sentence thought appropriate. When questioned by the trial court, Schultz indicated that this was his understanding of the plea agreement.

At sentencing, the prosecution recommended a unified life sentence, with twenty years fixed, for robbery and a concurrent unified thirty-year sentence, with twenty years fixed, for attempted rape with the weapon enhancement. The defense asked for significantly lesser sentences and requested retained jurisdiction. The district court imposed a unified life sentence, with fifteen years fixed, for robbery and a concurrent unified thirty-year sentence, with fifteen years fixed, for attempted rape with the weapon enhancement.

Schultz appealed from the judgment of conviction and the case was assigned to this Court. On appeal, Schultz raised an issue that had not been preserved by objection below. He argued that fundamental error occurred because the "plea agreement" outlined by defense counsel at the juvenile waiver hearing was final and binding on the state and that the state's ultimate sentencing recommendation breached its terms. This Court, deeming the record inadequate to resolve the issue, declined to decide which of the two plea agreements controlled. *State v. Schultz*, Docket No. 33000 (Ct. App. May 13, 2008) (unpublished). We specifically noted that Schultz could pursue his claim through appropriate proceedings in the trial court should he choose to do so. On the other issue presented, this Court affirmed the district court's sentences.

After *Schultz I* was issued, Schultz filed a motion with the trial court seeking to withdraw his guilty pleas. After an evidentiary hearing, the district court denied the motion, holding, among other things, that the plea "agreement" referred to by defense counsel at the waiver hearing was preliminary in nature and that no meeting of the minds occurred until the final plea agreement was reached later in the district court. Schultz appeals.

(footnotes omitted). This Court thereafter affirmed "the district court's conclusion that Schultz had failed to meet his burden to show that the juvenile waiver hearing recitation was intended as a complete and final plea agreement." *Id.* at 103, 244 P.3d at 247.

While the *Schultz II* appeal was still pending, Schultz filed the instant verified petition for post-conviction relief. Therein, Schultz asserts a number of claims of ineffective assistance of counsel, including the two claims at issue in this appeal: (1) that his juvenile court attorney was ineffective for failing to inform his adult court attorney of the "plea agreement" that had been reached, and (2) that his adult court attorney failed to inform him of his right to remain silent and not participate in the court-ordered PSE completed prior to sentencing. Schultz also filed a separate affidavit in support of his petition, a brief in response to the State's "anticipated" motion for summary dismissal, and a motion for appointment of counsel. The district court granted the motion and appointed counsel to represent Schultz.

Thereafter, the State filed a motion for summary dismissal and a brief in support, contending primarily that the petition contained only conclusory allegations and was unsupported by admissible evidence establishing either deficient performance or prejudice resulting therefrom. Schultz did not substantively respond to the State's motion. The district court then entered an order granting the State's motion. Schultz appeals.

## II.

## STANDARDS OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*,

4

146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

To prevail on an ineffective assistance of counsel claim, the defendant must show that his attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Id.* at 761, 760 P.2d at 1177.

## A.    The "Plea Agreement" Claim

Schultz first asserts that the district court erred by summarily dismissing his ineffective assistance of counsel claim relating to the "plea agreement" discussed at his juvenile waiver hearing. Schultz's petition asserted that he received ineffective assistance of counsel because:

> My juvenile attorney failing to inform my public defender in adult court about the plea bargain, failing to have the agreement in writing, failing to hold the prosecutor to the benefit of the bargain, likewise, I have the adult court public defender failing to hold the prosecutor to the benefit of the bargain reached and partially performed on my behalf.

In his affidavit in support, Schultz further alleged that counsel was ineffective for "allowing the state to violate a stipulated agreement that was the basis for plaintiff's agreeing to being waived into Adult court and the ultimate guilty plea."

We conclude that the district court did not err in summarily dismissing this claim, but for a different reason than that identified by the district court. The State moved for summary dismissal on two alternate grounds; first, that Schultz's allegations were bare and conclusory without admissible evidence in support and, second, that Schultz's claim was barred by res

6

judicata because this Court, in *Schultz II*, had already decided that there was no enforceable "plea agreement" at the time of the juvenile waiver hearing. While the district court summarily dismissed the claim on the former ground, we affirm on the latter.

As the State notes in its respondent's brief on appeal, all of Schultz's petition allegations presuppose that there was an enforceable "plea agreement" at the time of the juvenile court waiver hearing. Schultz filed his petition on May 10, 2010, six months before this Court issued its decision in *Schultz II* addressing the propriety of the district court's denial of Schultz's motion to withdraw his guilty plea. In that case, this Court affirmed the district court's denial of the motion on its "conclusion that Schultz had failed to meet his burden to show that the juvenile waiver hearing recitation was intended as a complete and final plea agreement." *Schultz*, 150 Idaho at 103, 244 P.3d at 247 (footnote omitted). The Court further noted that Schultz suffered no significant detrimental reliance on the facts of this case relative to his waiving juvenile jurisdiction. *Id.* at footnote 4.

In post-conviction proceedings, Idaho appellate courts have applied the related principles of res judicata to bar an attempt to raise, in an application for post-conviction relief, the same issue previously decided in a direct appeal. *See State v. Beam*, 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988); *State v. Dempsey*, 146 Idaho 327, 330, 193 P.3d 874, 877 (Ct. App. 2008); *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007); *State v. LePage*, 138 Idaho 803, 811, 69 P.3d 1064, 1072 (Ct. App. 2003). Because, in *Schultz II*, this Court affirmed the district court's conclusion that the plea recitation placed on the record at the juvenile court waiver hearing was not an enforceable "plea agreement," the doctrine of res judicata bars Schultz's current attempt to relitigate this issue in the instant post-conviction action.

Schultz attempts to avoid this result by asserting, for the first time on appeal, that his petition actually raised a related but different claim. Specifically, in his opening brief he says, without elaboration, that his petition asserted that his attorneys were ineffective because they "failed to convey the [plea] offer to him."[1] Schultz repeated his position on the issue at oral argument in this case, asserting that this Court should "liberally read" his petition to include his newly asserted claim. We decline Schultz's request, for to do so would insert allegations into the

---

[1]     A claim that a defense attorney was ineffective for failing to convey to his client a plea offer made by the State may, in some circumstances, present a triable issue in post-conviction proceedings. *See Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 1408 (2012).

petition that are simply not there. The district court's summary dismissal of this claim is affirmed.

**B.      The *Estrada* Claim**

Schultz next asserts that the district court erred by summarily dismissing his ineffective assistance of counsel claim based upon his attorney's alleged failure to inform him of his right against self-incrimination prior to his participation in a presentencing psychosexual evaluation (PSE). Schultz's claim finds its foundation in the Idaho Supreme Court's decision of *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006). For a number of reasons, we conclude that the district court was correct in determining that Schultz failed to properly allege and support a prima facie *Estrada* violation that would entitle him to an evidentiary hearing.

Schultz's verified petition itself provided little detail concerning his claim, asserting only that his adult court attorney was ineffective for failing "to advise me of my rights against self-incrimination." In his claim for relief Schultz sought a new sentencing hearing excluding the "highly prejudicial" PSE and his statements reflected therein. Schultz's affidavit in support of his petition provided more detail, stating:

> Mr. Schultz contends that due to his youthful age at the time of sentencing and the facts that he was not adequately represented by counsel during these proceedings his Fifth, Sixth, and Fourteenth Amendment rights were violated during the sentencing phases of the court's proceedings and resulted in an erroneous and highly prejudicial bias that resulted in a much higher sentence being imposed.
> Plaintiff further alleges that he was never fully advised of his rights against self-incrimination or his Fifth Amendment rights against self-incrimination that may result from any or all information he may or may not disclose during any psychological, psychosexual, or social sexual evaluations, including the pre-sentence investigation or examination and interviews that were all conducted without the presence or advice from counsel to plaintiff.

Thus, although Schultz alleged in his petition and affidavit that counsel had failed to advise him regarding his right not to participate in the PSE, he never alleged that had his counsel advised him of this right, he would have refused to undergo the evaluation nor did he present facts from which such an inference could be made. *See Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (". . . we conclude that petitioner's allegations are insufficient to satisfy the *Strickland v. Washington* requirement of 'prejudice.' Petitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not

8

guilty and insisted on going to trial. He alleged no special circumstances that might support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty.").[2] We decline Schultz's request in this appeal to "presume" that he would not have participated in the PSE had counsel informed him of his right not to.

In addition, a post-conviction proceeding is not an extension of the criminal case from which it arises. Rather, it is a separate civil action in which the applicant bears the burden of proof imposed upon a civil plaintiff. *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986). No part of the record from the criminal case becomes part of the record in the post-conviction proceeding unless it is entered as an exhibit. Exhibits, as well as transcripts of the pretrial proceedings, the trial, and sentencing hearing in the criminal case, even if previously prepared as a result of a direct appeal or otherwise, are not before the trial court in the post-conviction proceeding and do not become part of the record on appeal unless presented to the trial court as exhibits, *Roman*, 125 Idaho at 648, 873 P.2d at 902, or unless the trial court takes judicial notice of such records from the criminal case. *Esquivel v. State*, 149 Idaho 255, 258 n.3, 233 P.3d 186, 189 n.3 (Ct. App. 2010).

Here, Schultz failed to make any portion of his underlying criminal case part of the record in his post-conviction case, including the PSE and the sentencing hearing transcript. Both

---

[2]    In *Estrada*, our Supreme Court recited the following facts establishing that the defendant did not want to participate in the PSE in the first instance:

> After accepting Estrada's plea, the district court ordered a psychosexual evaluation of Estrada pursuant to Idaho Code section 18-8316. Estrada then wrote to the district court, asserting that the evaluation was unnecessary and caused a frustrating delay in his sentencing. Estrada's attorney responded by writing a letter to Estrada advising him that the evaluation was not a delay tactic, but "must be completed before sentencing." The attorney also commented, "I want every single good piece of evidence that I can get my hands on to be able to argue at your sentencing." Based on the letter, Estrada decided to participate in the evaluation. Later, however, Estrada failed to complete certain evaluation forms, which prompted the evaluator, Larry Gold (Gold), to contact Estrada's attorney to relay Estrada's refusal to cooperate. The attorney sent Estrada another letter, in which he noted that the evaluation was ordered by the district court. The attorney wrote, "We would not want the judge to consider your lack of cooperation to mean that you are not willing to comply with court orders." Thereafter, Estrada participated in the evaluation, which took place in the county jail.

*Estrada v. State*, 143 Idaho 558, 560, 149 P.3d 833, 835 (2006).

were necessary in order to establish prejudice from his attorney's alleged deficient performance. *See id.* at 258, 233 P.3d at 189 (in an *Estrada* case, access to the PSE is essential for the reviewing court to be able to determine if the defendant was prejudiced by the attorney's deficient performance). *See also Hughes v. State*, 148 Idaho 448, 464-65, 224 P.3d 515, 531-32 (Ct. App. 2009) (in an *Estrada* case, the existence of prejudice is determined first and foremost from review of the PSE itself and court reference to its contents at the sentencing hearing).[3]

In accord with the foregoing discussion, the district court did not err in concluding that Schultz did not support his ineffective assistance of counsel *Estrada* claim with the essential evidence needed to establish a prima facie case such that an evidentiary hearing on the claim was required. The summary dismissal of this claim is affirmed.[4]

## III.
## CONCLUSION

The district court's order of summary dismissal is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**

---

[3]    The absence of these records from the district court proceedings is even more critical in the instant case because the presiding post-conviction judge was not the sentencing judge. Moreover, the judge made no reference to either the PSE or sentencing transcript in his memorandum order granting summary disposition.

[4]    In reaching this disposition, we are constrained to note several concerns regarding the handling of this case. Along with its motion for summary dismissal, the State also filed a motion requesting that the district court take judicial notice of Schultz's underlying criminal case file, which would have included the PSE and the sentencing transcript (prepared pursuant to Schultz's prior appeals) referenced above as evidence essential to Schultz's *Estrada* claim. The district court, however, was never asked to rule on the motion before it dismissed the case. In addition, the district court had appointed counsel to represent Schultz in the post-conviction proceeding on the *same day* his petition was filed. As far as our record reflects, in his fourteen months of representation appointed counsel did nothing additional to help Schultz further plead, prove, or argue this claim. Instead, post-conviction counsel's participation was limited to the filing of a number of motions for extensions of time to respond to the State's motion and a motion for district court leave to review the confidential PSE, all of which were granted by the district court. When Schultz's final due date for response came and went without further substantive filings, the district court waited another six weeks and then entered its order summarily dismissing the case. Whatever else appointed counsel may have done, we cannot say.

This being said, however, issues relating to the above matters are not before this Court for resolution in this appeal. Instead they are to be raised, if at all, in a successive petition for post-conviction relief, specifically as "sufficient reason" to re-assert the *Estrada* claim.