**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40769**

| | | |
|---|---|---|
| LARRY SEVERSON, | ) | |
| | ) | **2014 Opinion No. 85** |
| Petitioner-Appellant, | ) | |
| | ) | **Filed: October 10, 2014** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

Order of district court granting summary dismissal on the ground of res judicata, <u>reversed</u> and <u>case remanded</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Deborah A. Whipple argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

---

SCHWARTZMAN, Judge Pro Tem

Larry Severson was convicted of one count of first degree murder and one count of poisoning food or medicine. He took a direct appeal to the Idaho Supreme Court wherein he contended, *inter alia*, that certain unobjected-to statements in the State's closing arguments amounted to prosecutorial misconduct. This claim was denied over a two-justice dissent that would have concluded that these and other statements did amount to reversible error. After his first appeal had been adjudicated, Severson filed a petition for post-conviction relief in the district court. Amongst other claims, he argued that his attorneys provided ineffective assistance of counsel when they failed to object to allegedly improper statements during closing arguments. The district court held that this claim was barred by res judicata. Severson appeals.

1

# I.

## BACKGROUND

Severson has only appealed the district court's dismissal of his claim of ineffective assistance of counsel. Accordingly, we limit our discussion of the record to those facts and proceedings that are relevant to this claim.

## A.    Trial Proceedings

The Idaho Supreme Court summarized the relevant factual background when adjudicating the direct appeal:

> Larry and Mary Severson[1] met in Colorado in 1995. After dating for a little over one year, the couple married and moved to Mountain Home, Idaho. By 2001, Severson and Mary began experiencing marital problems. Then, in August 2001, the couple separated after Mary learned that Severson was having an affair with a younger woman. Upon learning of the affair, Mary left Severson and returned to Colorado to stay with her mother.
>
> Initially, Mary and Severson planned on getting an uncontested divorce. Less than four months after the couple separated, however, Mary changed her mind. Instead of going forward with the divorce, Mary decided to return to Idaho and work on her marriage. In the meantime, Severson continued to see his younger girlfriend, Jennifer Watkins. Severson told Watkins that he and Mary were still getting divorced and even asked Watkins to marry him. Watkins initially accepted Severson's proposal but ended up breaking off the relationship before Mary returned to Idaho.
>
> Mary arrived back in Idaho in December 2001. Once she returned, she and Severson went to the local GNC store so she could purchase some Hydroxycut pills. Mary had started taking Hydroxycut while she was in Colorado in order to help her lose weight. During that time, the pills did not cause her to suffer any adverse side effects. Shortly after Mary began taking the pills she purchased with Severson, however, she started experiencing stomach pain and vomiting blood. This prompted Mary to inspect the pills and, upon doing so, she noticed that they were discolored and warm to the touch. Mary immediately quit taking the pills and scheduled an appointment with her doctor. At the doctor's office, Mary was diagnosed with an ulcer and given a prescription for Prevacid. During a follow-up examination, she also received a prescription for the sleep aid Ambien.
>
> On February 14, 2002, Severson called Mary's doctor and requested a refill of Mary's Ambien prescription. The doctor authorized the refill and Severson picked up the prescription later that same night. The next morning, at approximately 3:00 a.m., Severson purportedly discovered Mary lying on the

---

[1]    Throughout the remainder of the opinion, we refer to Larry Severson as Severson and Mary Severson as Mary.

couch not breathing. Upon finding his wife, Severson called his son and daughter-in-law, Mike and Nora, who immediately rushed to Severson's house. Once there, Nora called 911 and Mike began performing CPR on Mary. Before long, the paramedics arrived and transported Mary to the hospital. Efforts to resuscitate Mary continued in the ambulance and at the hospital, but were ultimately unsuccessful. Mary was pronounced dead at the hospital at approximately 4:15 a.m. that same morning. An autopsy revealed that Mary had ingested significant amounts of the sleep aids Ambien and Unisom, however, her cause of death was listed as "undetermined."

Less than one day passed before the police began investigating Severson's role in Mary's death. Searches of Severson's home and workplace revealed several pieces of evidence including a cardboard tray with broken pieces of Hydroxycut capsules, a pharmacy receipt for Ambien, Ambien pills under a couch cushion where Mary was discovered, a plastic baggie containing Unisom pills that was hidden inside a hat with the word "dad" printed on it, Unisom tablets in Mary's bathroom and car, and an empty Ambien prescription bottle. Additionally, two bottles of Hydroxycut and an envelope containing some contaminated pills were recovered from Severson's attorney, Jay Clark.

Severson was eventually indicted on one count of first-degree murder and one count of poisoning food and/or medicine. Initially, the indictment alleged that Severson killed Mary by overdosing her with sleeping pills. It was later amended to include possible murder by suffocation. Although Severson objected to the amendment, the trial court permitted it after concluding that it did not charge Severson with a new offense and would not otherwise result in prejudice.
. . . .

Severson's case proceeded to trial in October 2004. At the conclusion of the seventeen-day trial, the trial court delivered its instructions to the jury. . . . After two days of deliberation, the jury returned a general verdict finding Severson guilty of both counts alleged in the indictment. The trial court . . . sentenced him to life without the possibility of parole for murdering his wife and to five years for poisoning food and/or medicine.

*State v. Severson*, 147 Idaho 694, 700-01, 215 P.3d 414, 420-21 (2009).

B.      **The Direct Appeal**

On direct appeal, Severson raised numerous claims of error. As is relevant here, the Court considered a claim that several statements made by the prosecutor during closing arguments amounted to misconduct.

The majority considered numerous allegations of prosecutorial misconduct. First, the prosecutor stated, "This is a circumstantial case, because nobody was in that house that night but Mary and Larry. Nobody knows, *that has testified*, what happened between them." *Id.* at 718, 215 P.3d at 438. Severson argued that "the statement was an impermissible comment on his decision not to testify." *Id.* The Idaho Supreme Court held:

3

Severson has failed to prove that the prosecutor's statement was an impermissible comment on his silence that constituted fundamental error. Although the statement . . . could be interpreted as a reference to Severson's failure to testify, it could also be accorded other meanings. . . . Nothing in the statement explicitly called for the jury to infer Severson was guilty because of his silence or to convict him on that basis. In all likelihood, given the ambiguous nature of the statement, the prosecutor did not even consider the interpretation Severson would attach to it. Moreover, since the statement was a single, isolated comment made during the course of a seventeen-day trial, there was substantial evidence of Severson's guilt, and the trial court instructed the jury not to draw negative inferences from Severson's failure to testify, the statement did not deprive Severson of due process or render his trial fundamentally unfair.

*Id.* at 719, 215 P.3d at 439.

Also, the prosecutor stated that "Mary still speaks to us today. She is still telling us what happened that night and why she is dead. . . . Mary tells us, she speaks to us from her grave as to who killed her and why she died." *Id.* (ellipses in original). The Idaho Supreme Court held that "the statements were simply referring to Mary's body providing evidence about the circumstances surrounding her death, not to her calling out for Severson's conviction. Because the statements did not result in an unfair trial or deprive Severson of due process, they were not fundamental error." *Id.* at 720, 215 P.3d at 440.

The State additionally argued that, "Mary Severson's life had purpose, and it had meaning. Your duty today is to give her death justice" and referenced Mary's family life, including time spent with her mother at Christmas. *Id.* The court described the statement as "arguably improper," but held that it did not amount to fundamental error because the "statements did not impact the fairness of Severson's trial or deprive him of due process." *Id.*

The dissent took a very different view of the prosecutor's closing arguments. It described the prosecutor's conduct as a "relentless and a blatant abuse of power." *Id.* at 723, 215 P.3d at 443 (W. Jones, J. dissenting). The dissent referenced each of the comments discussed by the majority, but also discussed several additional comments including an analogy comparing a defense argument to a contention that the crime was done by "little green aliens . . . coming to us from Mars" and an argument that Severson had to make sure he had "done the job right, because by God that woman just won't die." *Id.* at 724-27, 215 P.3d at 444-47. The dissent concluded that "cumulatively, these errors taken as a whole were not harmless," and that the "relentless acts of the prosecutor deprived Severson of his right to a fair trial." *Id.* at 728, 215 P.3d at 448.

4

**C.**     **The Post-Conviction Action**

In his original pro se petition, Severson claimed that his counsel was ineffective due to his "failure to object . . . during closing arguments." In an attached affidavit, he cited the dissent in the direct appeal arguing that certain statements by the prosecutor amounted to prosecutorial misconduct. While he concedes the fact that the Idaho Supreme Court concluded that these statements did not amount to fundamental error, he argued that he would have prevailed if his attorney had preserved the error by making a contemporaneous objection. Had the attorney done so, the standard of review would have been more favorable. The amended petition did not set forth the claim with any more specificity and merely adopted the rationale of the dissent.

The State filed a motion to dismiss, *inter alia*, the ineffective assistance of counsel claim discussed in this appeal. The State alleged that the majority of the Idaho Supreme Court, in its review of three statements made by the prosecutor in closing, found that none amounted to fundamental error. The State sought summary dismissal of this claim, asserting that Severson "failed to meet his burden of establishing a prima facie case of deficient performance, much less prejudice." Additionally, the State argued that the post-conviction court should deny relief as the claim was barred by res judicata. In its view, the majority opinion found that Severson was not prejudiced and that finding was determinative of the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (holding that a petitioner seeking relief for ineffective assistance of counsel must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency).

The district court granted summary dismissal as to the ineffective assistance claim. In its view, the Idaho Supreme Court, on direct appeal, concluded that most of the comments made by the prosecutor were "not improper" and the other error was "not prejudicial." On this basis, it held that the Idaho "Supreme Court's finding that there was no fundamental error in the [prosecutor's closing arguments] will not be relitigated here. When legal issues are decided in a criminal action on direct appeal, the defendant is barred by the doctrine of *res judicata* from raising them again in a post-conviction proceeding."

## II.

## ANALYSIS

Severson argues that the court should not have summarily dismissed his claim under the doctrine of res judicata and that there existed no alternative basis to dismiss his claim. A petition

for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of the evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218,

6

192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho

367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

## A.     Principles of Res Judicata Apply in Post-Conviction Cases

Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. *Grubler by and Through Grubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). *See also Magic Valley Radiology P.A. v. Kolouch*, 123 Idaho 434, 436, 849 P.2d 107, 109 (1993); *Diamond v. Farmers Group, Inc.*, 119 Idaho 146, 150, 804 P.2d 319, 323 (1990). As is relevant here, "[t]he principles of res judicata apply when an applicant attempts to raise the same issues previously ruled upon on direct appeal in a subsequent application for post-conviction relief." *Knutsen v. State*, 144 Idaho 433, 439, 163 P.3d 222, 228 (Ct. App. 2007); *see also State v. Beam*, 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988) (holding that the district court "correctly refused to relitigate" issues that had "previously been decided on direct appeal and thus were *res judicata*"); *Schultz v. State*, 153 Idaho 791, 797-98, 291 P.3d 474, 480-81 (Ct. App. 2012) ("Idaho appellate courts have applied the related principles of res judicata to bar an attempt to raise, in an application for post-conviction relief, the same issue previously decided in a direct appeal."); *State v. LePage*, 138 Idaho 803, 811, 69 P.3d 1064, 1072 (Ct. App. 2003) (to the extent claims of error were addressed on direct appeal, "they are barred by the doctrine of res judicata"). "*Res judicata* is comprised of claim preclusion (true *res judicata*) and issue preclusion (collateral estoppel)." *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805

8

(2002). At oral argument, the State conceded that claim preclusion is inapplicable. Accordingly, we limit our review to the question of whether issue preclusion was proper.

The Idaho Supreme Court set forth the five-element test for issue preclusion:

(1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Ticor Title Co. v. Stanion*, 144 Idaho 119, 124, 157 P.3d 613, 618 (2007).

The closing argument statements raised in the post-conviction action are identical to those raised by the dissent in the direct appeal. We need not address each individual statement because we conclude, with one exception,[2] that all of them fall within one of two general categories. First, there are statements that were not addressed by the majority opinion in the direct appeal. Second, there are statements that the Idaho Supreme Court disposed of under the fundamental error rule applicable at the time.

**B.      Issues Not Decided in the Direct Appeal Are Not Barred by Res Judicata**

Res judicata does not apply to statements discussed by the *Severson* dissent that were not ruled upon by the *Severson* majority. As the State concedes, the dissent "quot[ed] all offensive statements from closing arguments, *even those not specifically cited to by appellant in his brief*." *Severson*, 147 Idaho at 724, 215 P.3d at 444 (W. Jones, J. dissenting) (emphasis added). The

---

[2]      This exception relates to prosecutorial references during closing argument to the age of Severson's paramour including references to her as a "21-year-old tramp" and "screwing some 21-year-old." The court noted that Severson had challenged these statements by raising this objection to the trial court in his motion for a new trial. *State v. Severson*, 147 Idaho 694, 720, 215 P.3d 414, 440 (2009).

The court determined that these statements were "inflammatory and, therefore, improper," but "did not result in prejudice, however, given the weight of the evidence against Severson and the numerous limiting instructions issued by the judge." Accordingly, the court concluded these statements "were not prosecutorial misconduct and do not justify reversing Severson's conviction." *Id.* at 721, 215 P.3d at 441.

This limited ruling becomes res judicata within the context of Severson's larger Post-Conviction Act claim, and any references to or reliance upon these statements may be disposed of by way of summary dismissal upon remand.

9

majority's ruling did not discuss these statements, nor did it enter a ruling regarding them. Accordingly, res judicata cannot apply because the issue was not "actually decided in the prior litigation." *See Ticor Title Co.*, 144 Idaho at 124, 157 P.3d at 618.

## C. Issues Disposed of Under the Fundamental Error Standard Applied in the Direct Appeal Are Not Barred by Res Judicata

The State argues that the district court properly dismissed the unobjected-to prosecutorial misconduct claim that had been previously addressed as fundamental error in the direct appeal. The State argues that the Court held that any error was harmless; i.e., Severson was not prejudiced. Accordingly, it argues that the issue of prejudice, a required element of an ineffective assistance of counsel claim, has been previously decided. We are not persuaded.

The Idaho Supreme Court did not dispose of Severson's claim based upon harmless error, but concluded that he failed to show fundamental error. Severson's direct appeal was decided before the Idaho Supreme Court clarified the fundamental error standard in *State v. Perry*, 150 Idaho 209, 214, 245 P.3d 961, 966 (2010).[3] In *Severson*, the Court considered a statement by the prosecutor to be fundamental error if it went "to the foundation or basis of a defendant's rights or . . . to the foundation of the case or take[s] from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive." *Severson*, 147 Idaho at 716, 215 P.3d at 436.[4]

Before applying the principles of res judicata in a post-conviction case, we will consider the legal standard applicable in the prior adjudication. *Knutsen*, 144 Idaho at 440, 163 P.3d at 229. If the standard applicable in the prior action was more stringent, the difference in standard will not preclude the application of res judicata. *Id*. However, if the standard applicable to the prior action was less stringent, we cannot apply the principle of res judicata. *See id*. For example, if a fact was proven beyond a reasonable doubt, one can infer the fact was also proven

---

[3] Accordingly, we do not consider the preclusive effect of a fundamental error ruling under the *Perry* standard. *But see and compare State v. Parker*, ___ Idaho ___, ___ P.3d ___ (Aug. 6, 2014) (a recent case decided by the Idaho Supreme Court dealing with unobjected-to "prosecutorial misconduct" reviewed for fundamental error, including misconduct in commenting on defendant's invocation of this right to silence, and harmless error).

[4] We note that to be "harmless error" within this context, a court must be convinced beyond a reasonable doubt that the same result would have been reached by the jury had the prosecutorial misconduct not occurred.

by a preponderance of evidence. Conversely, if a fact was proven by a preponderance of the evidence, one cannot infer that the fact was proven beyond a reasonable doubt.

To the extent the prior fundamental error standard included a determination of prejudice, that standard would be far more exacting than the standard under which the prejudice prong of an ineffective assistance of counsel claim is adjudicated. *Compare Severson*, 147 Idaho at 716, 215 P.3d at 436 (error must go "to the foundation or basis of a defendant's rights or . . . to the foundation of the case") *with Aragon*, 114 Idaho at 761, 760 P.2d at 1178 ("a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different"). Indeed, the disposition of *Severson* highlights the stringency of that standard. Although it noted that certain comments were improper or arguably improper, it held that none were so egregious that they amounted to fundamental error. *Severson*, 147 Idaho at 720, 215 P.3d at 440. This case is analogous to one in which a plaintiff failed to prove a claim beyond a reasonable doubt, an exacting standard. Such failure of proof may not be res judicata in a subsequent case where the burden of proof is lower.

Accordingly, a determination that a comment was not fundamental error, under the standard used in *Severson*, has no preclusive effect because the issue is not identical. *See Ticor Title Co.*, 144 Idaho at 124, 157 P.3d at 618 (issue preclusion applies only when "the issue decided in the prior litigation was identical to the issue presented in the present action"); *Knutsen*, 144 Idaho at 440, 163 P.3d at 229 (considering the applicable legal standard to determine when res judicata applies). For the reasons stated above, the ineffective assistance claim referencing these statements is not barred by res judicata.

### III.

### CONCLUSION

We conclude that any claim arising from statements that were not addressed by the majority on the direct appeal is not barred as res judicata. Likewise, issues decided pursuant to the prior fundamental error standard applied in the direct appeal are not barred. Accordingly, we reverse the order of the district court granting summary dismissal and remand the case for further proceedings consistent with this opinion.[5]

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

[5]    We note that the State's motion for summary dismissal asserted alternative grounds for relief. The viability of those claims may be raised anew upon remand.