**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35792**

| | | |
|---|---|---|
| CARLOS ESQUIVEL, | ) | 2010 Opinion No. 7 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 1, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order denying petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

GUTIERREZ, Judge

Carlos Esquivel appeals from the district court's order denying his petition for post-conviction relief. Specifically, Esquivel challenges the district court's determination that trial counsel's deficient performance in failing to inform Esquivel of his right to remain silent in regard to his psychosexual evaluation (PSE) was not prejudicial. For the reasons set forth below, we affirm.

**I.**

**BACKGROUND**

The factual background and course of proceedings are set forth in *Esquivel v. State,* Docket No. 32689 (Ct. App. Aug. 3, 2007) (unpublished):

> Esquivel was charged with three counts of lewd conduct with a minor under the age of sixteen, I.C. § 18-1508, and one count of sexual abuse of a child under the age of sixteen, I.C. § 18-1506. At the completion of trial, a jury found him guilty of all charges. Prior to sentencing, the district court ordered Esquivel

1

to undergo a psychosexual evaluation to be conducted by a psychologist. The results of Esquivel's psychosexual evaluation [conducted by Dr. Robert Engle] were included in the presentence investigation report (PSI) and considered by the district court at sentencing. Esquivel was sentenced to concurrent unified terms of thirty years, with minimum periods of confinement of fifteen years, for lewd conduct and a concurrent unified term of fifteen years, with a minimum period of confinement of five years, for sexual abuse. Esquivel filed an I.C.R. 35 motion which was denied by the district court. On appeal, this Court affirmed Esquivel's judgment of conviction, sentences, and the district court's denial of his Rule 35 motion in an unpublished opinion. *State v. Esquivel,* Docket No. 30424 (Ct. App. Dec. 2, 2004).

Esquivel filed an application for post-conviction relief seeking a vacation of his judgment of conviction and a new trial. Esquivel's application alleged sixteen distinct claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. Esquivel also requested that the district court appoint an attorney to represent him in his post-conviction claims. The district court denied Esquivel's request for appointment of an attorney, holding that his claims were frivolous and without merit. Esquivel then filed an amended application for post-conviction relief with only six of the original claims of ineffective assistance of counsel alleged. Esquivel also renewed his request for the appointment of an attorney. The district court again denied Esquivel's request for an attorney.

The district court filed a notice of intent to dismiss Esquivel's application for post-conviction relief and gave both Esquivel and the state twenty days to respond. Neither Esquivel nor the state responded and, more than two months later, the district court dismissed Esquivel's application.

On appeal, this Court concluded that the district court erred in denying Esquivel's request for appointment of counsel to assist him in pursuing his ineffective assistance of counsel claim in regard to his PSE because he alleged facts which raised the possibility of a valid claim. More specifically, this Court held that Esquivel's petition alleged facts indicating the possibility that his court-ordered PSE was inadequately conducted and that the record indicated that the district court relied on the results of the evaluation during sentencing, thereby contributing to the length of Esquivel's sentence. The case was remanded to the district court to appoint counsel to assist Esquivel in pursuing his potentially valid claim.

On remand, the district court appointed counsel who filed an amended post-conviction petition alleging, for the first time, ineffective assistance of counsel on the basis that Esquivel's trial counsel rendered deficient performance in failing to advise Esquivel regarding his Fifth Amendment rights in submitting to a PSE, resulting in an *Estrada*[1] violation. In response, the

---

[1]      *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006).

state stipulated that Esquivel's trial counsel did not advise him of his right to remain silent during the evaluation but disputed that prejudice resulted therefrom. The district court ultimately denied Esquivel's petition. It determined that even though Esquivel had proven by a preponderance of the evidence that his attorney's advice was deficient, there was no prejudice because it did not consider the PSE in determining Esquivel's sentence. Esquivel now appeals.

## II.

## DISCUSSION

Esquivel argues that the district court erred when it denied his claim for ineffective assistance of counsel because he was prejudiced by his counsel's failure to advise him of his right to remain silent during his PSE.[2] To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006). It is undisputed that there was an *Estrada* violation in this case. *Estrada* held that there is a Sixth Amendment right to counsel regarding "the decision of whether to submit to a psychosexual exam." An attorney's performance falls below the objective standard of reasonableness and is thus deficient if he fails to inform his client of the right to remain silent and not participate in a court-ordered PSE. *Estrada*, 143 Idaho at 563-64, 149 P.3d at 838-39. Both parties agree that Esquivel's attorney did not inform Esquivel of his right to remain silent during the PSE. At issue then is whether Esquivel was prejudiced as a result of his attorney's deficient performance. In order to establish prejudice, the applicant must demonstrate that there is a reasonable probability that, absent the PSE, the outcome

---

[2]     Esquivel asserts that this Court previously concluded that the results of his psychosexual evaluation were relied on at sentencing, and therefore, became the law of the case and should have been adhered to on remand. *See Taylor v. Maile,* 146 Idaho 705, 709, 201 P.3d 1282, 1286 (2009); *Swanson v. Swanson*, 134 Idaho 512, 515, 5 P.3d 973, 976 (2000); *Suitts v. First Sec. Bank of Idaho, N.A.*, 110 Idaho 15, 21, 713 P.2d 1374, 1380 (1985) (quoting *Fiscus v. Beartooth Elec. Coop., Inc.*, 180 Mont. 434, 435, 591 P.2d 196, 197 (1979)). We conclude that the law of the case doctrine does not apply in this instance because our holding in the previous appeal was rendered in the context of reviewing the question of the appointment of counsel. This involved a different question with a lower standard, which was that Esquivel needed only to allege facts that raised the *possibility* of a valid claim. *See Swader v. State*, 143 Idaho 651, 654-55, 152 P.3d 12, 15-16 (2007).

(sentence) would have been more favorable to the defendant. *Hughes v. State*, ___ Idaho ___, ___ P.3d ___ (Ct. App. 2009). A reasonable probability does not mean "more likely than not"; it means a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S at 693-94.

Before oral argument, but after the parties submitted their briefs, this Court decided *Hughes*, ___ Idaho ___, ___ P.3d ___ (holding that even though the defendant demonstrated deficient performance, he ultimately failed to meet his burden of showing that his counsel provided ineffective assistance as he failed to demonstrate prejudice, that is, that there is a reasonable probability that, absent the PSE, he would have received a more favorable sentence). Consequently, both parties argued under the premise of *Hughes* at oral argument in regard to Esquivel's claim of ineffective assistance of counsel. In order to determine how the *Strickland* prejudice prong should be applied with regard to the circumstances of a PSE, *Hughes* sets forth three factors:

> The first factor is whether the content of the PSE itself is materially unfavorable. The PSE should be reviewed to determine the extent and harmful character of statements and admissions made by the applicant and the conclusions of the evaluator based upon those statements and admissions to determine the level of negativity, if any. If the PSE is not materially unfavorable, then the second prong of the *Strickland* standard has not been met. If the PSE is materially unfavorable to the applicant, the level of its negativity will then be weighed with two additional factors. The second factor is the extent of the sentencing court's reliance on the PSE if it can be demonstrated from the record. The third factor is the totality of the evidence before the sentencing court.

*Hughes*, ___ Idaho ___, ___ P.3d ___.

The analysis of these factors necessarily is based upon the record before and transcripts from the sentencing court. In a case such as this one, where deficient performance was established, the reviewing court must have access to the PSE and the sentencing hearing transcript in order to be able to determine if the defendant was prejudiced by the attorney's deficient performance. *See Estrada*, 143 Idaho 558, 149 P.3d 833; *see also Hughes*, ___ Idaho ___, ___ P.3d ___. Failure to include the PSE and the sentencing transcript in the appellate record precludes the complete analysis of the prejudice prong. The record herein does not include the sentencing transcript or the PSE.[3] Missing portions of an appellate record are

---

[3] The post-conviction record on appeal does not automatically include the record of the underlying criminal case. A post-conviction proceeding is not an extension of the criminal case

4

presumed to support the decision of the trial court. *State v. Sulez*, 141 Idaho 253, 255, 108 P.3d 400, 402 (Ct. App. 2004); *State v. Longoria*, 133 Idaho 819, 823, 992 P.2d 1219, 1223 (Ct. App. 1999). Therefore, we conclude the district court did not err when it determined that Esquivel was not prejudiced by trial counsel's failure to inform Esquivel of his Fifth Amendment right not to participate in the PSE.

Esquivel also asserts, for the first time on appeal, that the failure of counsel to advise him of his right to remain silent relative to the PSE should be analyzed, not just as an instance of ineffective assistance of counsel under the Sixth Amendment, but also as a direct denial of his constitutional right under the Fifth Amendment. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Moreover, Esquivel's claim has recently been rejected by this Court. *See Barcella v. State*, ___ Idaho ___, ___ P.3d ___ (Ct. App. 2009) (holding that *DeRushé v. State*, 146 Idaho 599, 200 P.3d 1148 (2009) "does not stand for the broad proposition that any time a claim of ineffective assistance of counsel is pled, the district court must also address any potential underlying constitutional violation independently").

---

from which it arises. Rather, it is a separate civil action in which the applicant bears the burden of proof imposed upon a civil plaintiff. *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986). No part of the record from the criminal case becomes part of the record in the post-conviction proceeding unless it is entered as an exhibit. Exhibits, as well as transcripts of the pre-trial proceedings, the trial, and sentencing hearing in the criminal case, even if previously prepared as a result of a direct appeal or otherwise, are not before the trial court in the post-conviction proceeding and do not become part of the record on appeal unless presented as exhibits, *Roman v. State*, 125 Idaho 644, 648, 873 P.2d 898, 902 (Ct. App. 1994), or unless the trial court takes judicial notice of such records from the criminal case. Idaho Rule of Evidence 201. Although the district court may have reviewed portions of the record from the underlying criminal action on its own initiative, if the defendant does not include such material in the record on appeal from the denial of post-conviction relief, the appellate court will not consider it. *LaBelle v. State*, 130 Idaho 115, 119, 937 P.2d 427, 431 (Ct. App. 1997). Furthermore, even if this Court takes judicial notice of the record from a prior direct appeal, that record will not include anything which is denominated an "exhibit" as any such exhibits are removed from the appellate record after remittitur. If either party intends to include any part of the underlying criminal record in the post-conviction record on appeal, it must be by moving to augment the record or by judicial notice.

5

## III.

## CONCLUSION

The district court did not err in denying Esquivel's petition for post-conviction relief. The missing PSE and sentencing transcript in the appellate record are presumed to support the district court's determination that Esquivel was not prejudiced by his attorney's failure to advise him of his right to remain silent during his PSE. Furthermore, Esquivel's assertion that a separate Fifth Amendment analysis applies to his post-conviction claim is without merit. We affirm the district court's order denying Esquivel's petition for post-conviction relief.

Judge GRATTON and Judge MELANSON **CONCUR**.