IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41255

| CHARLES DRAKE CAZIER, | ) | 2014 Unpublished Opinion No. 643 |
|---|---|---|
| | ) | |
| Plaintiff-Appellant, | ) | Filed: July 25, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| IDAHO DEPARTMENT OF HEALTH & WELFARE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

District court decision affirming decision of Idaho Department of Health and Welfare, affirmed.

Charles Drake Cazier, Athol, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Charina A. Newell, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Charles Drake Cazier was initially denied certification as a Medicaid provider for his son's care because of a prior criminal conviction. The Idaho Department of Health and Welfare (IDHW) eventually reversed the denial and authorized Cazier to be compensated by Medicaid. Cazier filed a form requesting "backdating" in order to permit him to be paid for services rendered before the date he was certified as a Medicaid provider. The agency denied his request and the district court affirmed the denial. Cazier appeals.

## I.

## BACKGROUND

Cazier provides care in his home for his adult autistic son. In 2009, he began working with IDHW to obtain "certified family home" status to qualify for Medicaid payment for his services. He completed the training and inspection requirements, but was initially denied

"certified family home" status because of a prior conviction for making a false statement in violation of 18 U.S.C. § 1014. Cazier challenged that denial in a judicial review proceeding in the district court. There, the parties stipulated to a remand to the agency for further consideration, and the court entered an order effectuating the stipulation. Eight months after the case was remanded, the agency granted Cazier "certified family home" status.[1]

Cazier filed an IDHW form entitled "provider request to backdate effective date." He requested Medicaid payments for services rendered between the date on which he was erroneously denied "certified family home" status and the date on which that status was eventually granted. The form was processed by a contractor for IDHW, who sent a letter purporting to grant the backdating as requested. Consistent with that letter and the backdating, Cazier filed two claims for payment. IDHW denied the claims and also sent a letter countermanding the contractor's letter authorizing backdating. IDHW did grant limited backdating, concluding that it could pay for services provided after the application materials were fully submitted *and* the background check had been completed on March 15, 2011. Cazier objected to this determination in agency proceedings, but his claims were denied.

In response to the denial by IDHW, Cazier initiated judicial review proceedings. The district court concluded that the eight-month period of delay was unfortunate, but that Cazier was not entitled to further backdating or to the payment of claims prior to March 15, 2011.

## II.

## ANALYSIS

In a judicial review proceeding under the Idaho Administrative Procedures Act, a court may overturn an agency's decision only if the agency's decision: (a) violates statutory or constitutional provisions; (b) exceeds the agency's statutory authority; (c) is made upon unlawful procedure; (d) is not supported by substantial evidence in the record; or (e) is arbitrary, capricious, or an abuse of discretion. Idaho Code § 67-5279(3). The party challenging the

---

[1] Our record on appeal is very limited because Cazier did not request the full record of proceedings in the district court. Accordingly, our understanding of the timeline in this case is informed only by statements made by Cazier and the district court. Both indicate that IDHW stipulated to a resolution of the primary issue (the nature of Cazier's prior offense), and then waited eight months to grant the relief warranted by the stipulation. Because our record is incomplete, we are wary of criticizing IDHW, but note that the delay seems unreasonable based on the information presented on appeal. The delay allowed the State to benefit from eight months of care for Cazier's son without paying for it.

agency decision must demonstrate that the agency erred in a manner specified in I.C. § 67-5279(3) and that a substantial right of that party has been prejudiced. *Price v. Payette Cnty. Bd. of Cnty. Comm'rs*, 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Marshall v. Idaho Dep't of Transp.*, 137 Idaho 337, 340, 48 P.3d 666, 669 (Ct. App. 2002).

In an appeal from the decision of the district court, this Court reviews the agency record independently of the district court's decision. *Marshall*, 137 Idaho at 340, 48 P.3d at 669. We do not substitute our judgment for that of the agency as to the weight of the evidence presented. I.C. § 67-5279(1); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. This Court instead defers to the agency's findings of fact unless they are clearly erroneous. *Castaneda v. Brighton Corp.*, 130 Idaho 923, 926, 950 P.2d 1262, 1265 (1998); *Marshall*, 137 Idaho at 340, 48 P.3d at 669. In other words, the agency's factual determinations are binding on the reviewing court, even where there is conflicting evidence before the agency, so long as the determinations are supported by substantial and competent evidence in the record. *Urrutia v. Blaine Cnty., ex rel. Bd. of Comm'rs*, 134 Idaho 353, 357, 2 P.3d 738, 742 (2000); *Marshall*, 137 Idaho at 340, 48 P.3d at 669.

IDHW rules specify that it will not issue a certified family home certificate until all certification requirements are met. Idaho Administrative Code 16.03.19.100. One of those requirements is compliance with a criminal history check. IDAPA 16.03.19.101. Idaho Administrative Code 16.03.19.009 states that "the provider must have a completed criminal history check, including clearance, prior to certification." Additionally, IDAPA 16.03.09.009.02.b specifies that persons licensed or certified by IDHW "are not available to provide services or receive licensure or certification until the criminal history and background check is completed and a clearance issued by the Department." Thus, IDHW could not issue a certificate to Cazier until the criminal history check was complete and Cazier was cleared. In this case, it is undisputed that following his criminal background check approval, IDHW approved Cazier's certification on April 5, 2011, with an effective date of March 15, 2011.

Cazier contends, however, that the agency was obligated to grant his request for backdating so he could be paid for services rendered before March 15, 2011, and that he was prejudiced by the delay occasioned by IDHW's erroneous rejection of his background check. He argues that the agency's backdating request form provides a lawful basis upon which he can be paid for services rendered after the erroneous denial.

3

IDHW argues that the relevant portions of the Idaho Administrative Code prohibit payment to a certified family home provider for services rendered prior to the completion of a criminal background check. We agree. IDAPA 16.05.06.170 states that:

> Individuals applying for licensure or certification by the Department are not available to provide services or receive licensure or certification *until* the criminal history and background check is complete and a clearance is issued by the Department. The following are individuals required to have a clearance *prior* to providing services:
> . . . .
>     b. Certification or licensure applicants;
>         i. Certified family homes;

(emphasis added).[2] This provision prohibits the delivery of Medicaid-reimbursable services prior to certification.[3] Because the rules preclude the provision of reimbursable care, it inherently prohibits payment for that care.

Contrary to Cazier's argument, the form disseminated by IDHW to apply for backdating does not provide a vehicle for additional payments to Cazier. First, we note that the form Cazier relies upon is not in the appellate record. Cazier has merely attached a copy of the form to his brief. Therefore, it is not properly before this Court. *See Esquivel v. State*, 149 Idaho 255, 258 n.3, 233 P.3d 186, 189 n.3 (Ct. App. 2010). Even if we consider the form's content, however, his legal argument is unpersuasive. Cazier argues that because IDHW has created and disseminated a form allowing some Medicaid providers to request backdating the effective date of their enrollment, backdating his enrollment must be permissible. This reasoning is flawed. There are many classifications of Medicaid providers, and the rules applicable to each classification differ. Cazier provides no argument or authority tending to show that the form is

---

[2]     Idaho Administrative Code 16.03.10.305.05 is also restrictive. That rule states that "*When* care for an adult is provided in a home owned or leased by the provider, *the provider must be certified* as a Certified Family Home." (emphasis added).

[3]     Obviously, parents of an adult child with a disability have a different relationship to the recipient of services than the other providers covered by the same rule. For example, the other providers covered by IDAPA 16.05.06.170, foster care applicants, or persons seeking licensure as a child care provider, may be ethically and legally required to refrain from offering care prior to licensure or certification. However, the parents of a disabled child have a relationship that exists apart from their role as potential Medicaid providers. We do not imply that the rule prohibits parental care prior to certification.

4

applicable to certified family home providers. Showing that some providers are permitted to backdate, without a specific showing that providers in Cazier's classification are permitted to backdate, is unhelpful to Cazier. Indeed, several of the reasons for backdating included on the form indicate that backdating is applicable in very different contexts, such as where emergency services have been provided.

Cazier argues that because the form does not set forth an exclusive list of reasons that justify backdating, and because his reason for backdating is persuasive and equitable, he is entitled to backdating. We disagree. Publication of the form did not create a general rule that backdating will be permitted whenever it is equitable and abrogate all contrary rules. Administrative agency rules promulgated in compliance with IDAPA have the force of law, *Mead v. Arrell*, 117 Idaho 660, 664-65, 791 P.2d 410, 414-15 (1990), and courts are obligated to enforce them as written. If IDHW's regulations regarding payment for pre-certification services are unjust, the remedy lies with the legislature, not the courts. The legislature is not only positioned to determine the conditions under which backdating *should be* authorized, it is also positioned to enable IDHW to more promptly process applications by providing adequate resources, setting time limits, or providing incentives. Courts are not permitted to create a more equitable rule, but are constrained to apply the valid rules and statutes as enacted. Moreover, the tools available to a court, and especially an appellate court, are ill-suited to remedying any inequitable result caused by agency delay.[4] For all of these reasons, we conclude that Cazier is not entitled to the relief he requests.

Because the Idaho Administrative Code does not authorize IDHW to make payments to Cazier for services provided before his background check cleared, the judgment of the district court, affirming the agency's decision below, is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

[4]     Our opinion should not be construed to hold that the court is powerless to address agency delay where it is so egregious as to rise to a constitutional violation. *See Schroeder v. City of Chicago*, 927 F.2d 957, 960 (7th Cir. 1991).