# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43008

| | | |
|---|---|---|
| NATHAN MICHAEL VOLK, | ) | 2017 Unpublished Opinion No. 339 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 31, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nathan M. Volk, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Nathan Michael Volk appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Volk pled guilty to sexual battery of a minor child sixteen or seventeen years of age, Idaho Code § 18-1508A. Prior to his arrest, a telephone call between Volk and the victim, V.S., was recorded by the Canyon County Sheriff's office in which Volk discussed with V.S. their sexual history. Volk was sentenced to a unified term of twenty-five years with five years determinate. Volk subsequently filed an Idaho Criminal Rule 35 motion for reduction of sentence which was denied. No appeal was filed. Thereafter, Volk filed a pro se petition for post-conviction relief. Volk then filed an amended petition, also pro se, which expanded upon the issue addressed in the original petition, but did not add any new claims. Counsel was

appointed but later permitted to withdraw pursuant to Volk's wishes. Volk then filed a motion to amend the petition to add additional claims. At a subsequent hearing, the State indicated that it had no objection, and the district court allowed the amended petition.

In his second amended petition,[1] Volk made several allegations. The only claim relevant to this appeal is an allegation of ineffective assistance of trial counsel for failure to move to suppress evidence from the recorded telephone call between Volk and V.S. The State filed an answer to the amended petition and also filed a motion for summary dismissal. After holding a hearing on the State's motion for summary dismissal, the district court entered an order dismissing Volk's post-conviction petition with prejudice.

## II.

## ANALYSIS

Volk asserts the district court erred in summarily dismissing his petition with respect to the claim that his trial counsel was ineffective for failing to file a motion to suppress the recorded telephone call between himself and V.S. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the

---

[1] The second amended petition was not verified and therefore, not properly before the district court. However, since the issues were virtually identical between the amended petition and the original petition, the district court considered the issues raised in the second amended petition.

2

petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of

3

material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

The district court held that Volk failed to establish a probable basis for suppression of the telephone call. First, the district court determined there was no legal impediment to the officer listening to the phone call. Further, the district court stated that Volk's argument that foundation could not be established under Idaho Rule of Evidence 901, which outlines the requirement of authentication or identification, was legally misguided. Therefore, the district court concluded Volk failed to establish either deficient performance or prejudice.

On appeal, Volk maintains that the recording does not meet the requirements of I.R.E. 901. Volk further contends that the district court erred in granting the State's motion for summary dismissal without considering the confrontation call as evidence, arguing that the State and Volk entered into an agreement that the recorded call be admitted into evidence in post-conviction proceedings. The record before this Court does not include the recording of the telephone conversation between Volk and V.S.

> No part of the record from the criminal case becomes part of the record in the post-conviction proceeding unless it is entered as an exhibit. Exhibits, as well as transcripts of the pre-trial proceedings, the trial, and sentencing hearing in the criminal case, even if previously prepared as a result of a direct appeal or otherwise, are not before the trial court in the post-conviction proceeding and do not become part of the record on appeal unless presented to the trial court as exhibits, *Roman v. State*, 125 Idaho 644, 648, 873 P.2d 898, 902 (Ct. App. 1994), or unless the trial court takes judicial notice of such records from the criminal case. Idaho Rule of Evidence 201.

*Esquivel v. State*, 149 Idaho 255, 258 n.3, 233 P.3d 186, 189 n.3 (Ct. App. 2010).

In support of his assertion that the recording should have been entered into evidence in post-conviction proceedings, Volk points to two statements. First, in the State's motion for summary dismissal, and in regard to Volk's claim that the confrontation call was illegally obtained because there was no consent by V.S. or her mother, the prosecutor said, "If Petitioner

4

wishes to proceed with this claim, a copy of the audio recording can be made available for including in the record of this case." Next, in his response to answer for post-conviction relief, Volk stated: "As this is not a frivolous claim, the Petitioner absolutely wants to proceed with this claim. Yes, include this audio recording in the record of this case, even though it is part of discovery and needs to be reviewed at an evidentiary hearing." Although the statements made by the prosecutor and Volk indicate that there would not have been an objection to admitting into evidence a recording of the confrontation call, they do not constitute an actual request that the court do so.

As the petitioning party, the burden fell to Volk to move the district court to admit any evidence relevant to the claims asserted in the petition for post-conviction relief. Volk failed to make the recording of the telephone call part of the record herein and, as such, his assertion that the district court abused its discretion by failing to consider a recording of the confrontation call in order to determine its admissibility under I.R.E. 901 is without merit. Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* Volk has failed to show that the district court abused its discretion in summarily dismissing his claim that trial counsel was ineffective for failing to seek suppression of the confrontation call recording.

Further, while we need not address whether the telephone call was illegally intercepted under I.R.E. 901, based on the evidence before this Court, the district court correctly ruled on the issue. Contained within the record is a detailed written summary of the recorded telephone conversation authored by the detective who arranged the call between Volk and V.S. The State also submitted the affidavit of the same detective who indicated he had the consent of both the victim and the mother to have the victim place the call and allow the officer to listen in. Additionally, the mother was present at the time of the call. The affidavit further makes clear that the purpose of the phone call was "to seek incriminating evidence from Mr. Volk as to his sexual contact with [V.S.]." Vicarious consent was appropriately given in this case. As such, the interception of that phone call by law enforcement was not illegal.

5

## III.

## CONCLUSION

The district court's judgment summarily dismissing Volk's petition for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.