**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43926**

| | | |
|---|---|---|
| **MARTIN EDMO ISH,** | ) | **2017 Unpublished Opinion No. 379** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: February 22, 2017** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Martin Edmo Ish appeals from the district court's judgment summarily dismissing Ish's petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Ish was found guilty of possession of a controlled substance and being a persistent violator. Ish appealed. In an unpublished opinion, this Court vacated Ish's judgment of conviction for being a persistent violator and ordered a new sentencing hearing for possession of a controlled substance. *State v. Ish*, Docket No. 39847 (Ct. App. Mar. 28, 2014). Ish filed a petition for post-conviction relief. In his petition, Ish claimed, *inter alia*, that his trial counsel was ineffective by requesting an erroneous jury instruction that lowered the State's burden of

1

proof with regard to Ish's possession of a controlled substance charge. In summarily dismissing Ish's petition, the district court found that Ish's claim was procedurally barred because he failed to challenge use of the jury instruction on direct appeal, the jury instruction given to the jury was a correct statement of the law, and he failed to demonstrate prejudice. Ish appeals.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the

district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Ish argues that the district court erred in finding that Ish's claim relating to trial counsel's jury instruction was procedurally barred. Ish also contends that the jury instruction given was a misstatement of the law that lowered the State's burden of proof with regard to Ish's possession of a controlled substance charge. Consequently, Ish asserts that trial counsel's request for the

3

erroneous jury instruction was prejudicial. On appeal, the State concedes that the district court erred in finding that Ish's ineffective assistance of counsel claim related to the jury instruction was procedurally barred and that the jury instruction given at Ish's trial was an incorrect statement of the law. The State argues, however, that the district court correctly found Ish had failed to present a viable claim of prejudice.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

To consider the merits of Ish's prejudice argument, this Court must review the record from the underlying criminal case. That record is not included in the appellate record now before this Court. In *Esquivel v. State*, 149 Idaho 255, 233 P.3d 186 (Ct. App. 2010), we noted:

> The post-conviction record on appeal does not automatically include the record of the underlying criminal case. A post-conviction proceeding is not an extension of the criminal case from which it arises. Rather, it is a separate civil action in which the applicant bears the burden of proof imposed upon a civil plaintiff. *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986). No part of the record from the criminal case becomes part of the record in the post-conviction proceeding unless it is entered as an exhibit. Exhibits, as well as transcripts of the pre-trial proceedings, the trial, and sentencing hearing in the criminal case, even if previously prepared as a result of a direct appeal or otherwise, are not before the trial court in the post-conviction proceeding and do

4

not become part of the record on appeal unless presented to the trial court as exhibits, *Roman v. State*, 125 Idaho 644, 648, 873 P.2d 898, 902 (Ct. App. 1994), or unless the trial court takes judicial notice of such records from the criminal case. Idaho Rule of Evidence 201. Although the district court may have reviewed portions of the record from the underlying criminal action on its own initiative, if the petitioner does not include such material in the record on appeal from the denial of post-conviction relief, the appellate court will not consider it. *LaBelle v. State*, 130 Idaho 115, 119, 937 P.2d 427, 431 (Ct. App. 1997). If either party intends to include any part of the underlying criminal record considered in the post-conviction proceedings, as part of the record on appeal, it must do so by designation in accordance with Idaho Appellate Rule 28 or by moving to augment the record pursuant to I.A.R. 30.

*Id.* at 258 n.3, 233 P.3d at 189 n.3.

In this case, Ish did not include the underlying criminal record by designation nor move to augment the appellate record. Although in his amended notice of appeal Ish generally requested that the appellate record include "any items the district court took judicial notice" of, such a blanket request is not sufficient. *See id.*; *see also Fortin v. State*, 160 Idaho 437, 441-43, 374 P.3d 600, 604-06 (Ct. App. 2016) (holding that a party's request for judicial notice requires specificity). It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.* Consequently, without providing a sufficient record on appeal, Ish has failed to show that the district court erred in finding that Ish did not establish a viable claim of prejudice. Accordingly, the district court's judgment summarily dismissing Ish's petition for post-conviction relief is affirmed. Costs are awarded to respondent on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.

5